**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**YILDIRIM ERROL ALI, #M1936**                                                                       **PETITIONER**

**VS.**                                                        **NO.:1:09cv693-HSO-JMR**

**CHRISTOPHER EPPS**                                                        **RESPONDENT**
_____

## REPORT & RECOMMENDATIONS

This matter comes before the Court on the Respondent's Motion [6-1] to Dismiss Pursuant to § 2254(d), filed August 26, 2011. The Petitioner filed a Response [7-1] and supporting Memorandum [8-1] in Opposition . Having considered the Respondent's Motion [6-1] and Petitioner's Response [7-1] and supporting Memorandum [8-1], along with the record and the applicable law, this Court finds that Respondent's Motion [6-1] is well-taken and should be granted. Accordingly, the petition in the above-captioned action should be dismissed.        .

## STATEMENT OF THE CASE

On December 11, 2003, the petitioner, Yildirim Errol Ali, was convicted of murder and sentenced to serve life imprisonment in the custody of the Mississippi Department of Corrections. Ex. "A' Attach. Mot'n [6-1] 1-2. Ali filed an appeal with the Mississippi Supreme Court; the court entered a per curiam affirmance on September 22, 2005. *Ali v. State*, 2004-KA-00437-SCT (Miss. 2004);  Ex. "B" Attach. Mot'n [6-2]. Ali did not thereafter file a petition for writ of certiorari with the United States Supreme Court. Pet'n [1-1] 3. On September 12, 2008, Ali filed a Motion to File Post-Conviction Relief in the Mississippi Supreme Court. Ex. "C" Attach. Mot'n. [6-3]. The Mississippi Supreme Court denied the Motion by Order entered September 30, 2008. Ex. "D" Attach. Mot'n [6-4]. The instant Petition [1-1] was filed on September 30, 2009.

## **ANALYSIS**

The Respondent argues that Ali's habeas petition is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA provides that, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a petitioner's federal habeas petition must be filed before the expiration of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). This period begins from the "date on which the [state court] judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1). Thus, in "assessing the timeliness of a federal habeas petition," the date a judgment became final is critical. *Mark v. Thaler*, 646 F.3d 191, 192 (5th Cir. 2011). However, any properly filed state post-conviction petition will toll the statute of limitations as long as it remains pending. § 2254(d)(2); *Mark*, 646 F.3d at 192.

As Ali did not file a writ of certiorari with the United States Supreme Court, his conviction became final for purposes of § 2244(d)(1) ninety days after the state court decision, the time in which he could have sought certiorari, on December 21, 2005. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, in accordance with the AEDPA's one year statute of limitations, 28 U.S.C. § 2244(d)(1)(A), Ali's habeas petition was due by December 21, 2006. This one year period can be tolled by a PCR motion properly filed before a state court, the statutory exceptions found in § 2254(d)(1)(B-D) or through an "extremely circumscribed" equitable exception. *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

A review of the record indicates that Ali filed his state court motion for Post-Conviction Relief on September 12, 2008. The Mississippi Supreme Court denied Ali's petition by Order on September 30, 2008. As the motion was filed after the December 21, 2006 deadline, it cannot toll the statute of limitations.

Ali is represented by counsel and does not benefit from the "mailbox rule." *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002). Therefore the Court considers the petition's filing date as the actual day it was stamped as filed by the clerk; Ali's petition was filed September 30, 2009. Pet. [1-1]. The petition was 1, 014 days past the expiration of the limitation period. In the petition, Ali does not invoke any statutory or equitable tolling of the one-year limit. Accordingly, the Court finds Ali's federal habeas petition is barred by AEDPA's one-year statute of limitations and should be dismissed with prejudice.

## **CONCLUSION**

Ali's federal habeas petition was due on or before December 1, 2006. The present petition was filed on September 12, 2008, 1,014 days past the deadline. It is the recommendation of this Court that Ali's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the    4th    day of October, 2011.

          <u>        s/ John M. Roper, Sr.        </u>

          CHIEF UNITED STATES MAGISTRATE JUDGE