IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**YILDIRIM EROL ALI**                                                      **PETITIONER**

**VERSUS**                            **CIVIL ACTION NO. 1:09cv693HSO-JMR**

**CHRISTOPHER EPPS**                                       **RESPONDENT**

**<u>MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER'S OBJECTION, ADOPTING REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS</u>**

This matter is before the Court on Petitioner Yildirim Errol Ali's ["Ali"] Objection [11-1] to the Report and Recommendation of Chief United States Magistrate Judge John M. Roper [9-1] entered in this cause on October 4, 2011.[1] Also before the Court is Christopher Epps' ["Respondent"] Motion to Dismiss [6-1] Ali's *habeas corpus* Petition based on the provisions of 28 U.S.C. § 2244(d). Respondent contends that the Petition was not timely filed and should be dismissed. The Court has thoroughly reviewed the findings in the Report and Recommendation, the record, and the positions advanced in the Motion and Objection, and concludes that Ali's Petition was untimely filed under 28 U.S.C. § 2254(d). Ali's Objection should be overruled and Respondent's Motion should be granted.

**I. <u>FACTS AND PROCEDURAL HISTORY</u>**

On December 11, 2003, Ali was convicted of murder by a jury in the Circuit

---

[1]On October 28, 2011, Respondent filed a Notice [12-1] informing the Court that it would not be filing a Reply or additional pleadings in response to Ali's Objection.

Court of Hancock County and sentenced to a term of life imprisonment, without the possibility of parole, in the custody of the Mississippi Department of Corrections ["MDOC"]. Ex. "A" to Resp. Mot. to Dismiss. Ali's conviction and sentence were affirmed by the Mississippi Supreme Court on September 25, 2005. *Ali v. State,* Cause No. 2004-KA-00437-SCT); *see also* Ex. "B" to Resp. Mot. to Dismiss. Ali did not file an Application for Post-Conviction Relief in state court until September 12, 2008. Ex. "C" to Resp. Mot. to Dismiss. The Mississippi Supreme Court denied the Application on September 30, 2008. Ex. "D" to Resp. Mot. to Dismiss.

Ali filed the instant Petition on September 30, 2009. R. [1-1]. In the Report and Recommendation filed October 4, 2011, the Magistrate Judge recommended that Respondent's Motion to Dismiss be granted, and that Ali's Petition be dismissed as untimely filed under § 2244(d). Based upon its review, the Court finds that the Magistrate Judge's Report and Recommendation is well reasoned, and that it correctly finds the applicable facts and applies the governing legal standards. As discussed in more detail below, the Court will therefore overrule Ali's Objection, and adopt the Magistrate Judge's Report and Recommendation as the opinion of this Court. Respondent's Motion to Dismiss [6-1] will be granted, and Ali's Petition [1-1] for Writ of Habeas Corpus will be dismissed.

## II. DISCUSSION

A. <u>Applicable Legal Standard</u>

Because an Objection has been filed to the Magistrate's Report and Recommendation [11-1], this Court is required to "make a *de novo* determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Rule 8(b) of RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS; *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections which are frivolous, conclusive, or general in nature, *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).

Ali's *habeas* petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. *Green v. Johnson* 116 F.3d 1115, 1119-20 (5th Cir. 1997). The AEDPA provides that, unless the narrow exceptions of 28 U.S.C. § 2244(d)(1)(B)-(D) apply, a petitioner's federal *habeas* petition must be filed within one year of the date the judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(1) provides that:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if

>the applicant was prevented from filing by such State action;
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year statute of limitations on *habeas* petitions begins to run when the judgment of conviction becomes final, not when the petitioner becomes aware that the judgment is final. 28 U.S.C. § 2244(d)(1)(A); *Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002); *Moore v. Dretke*, 186 F. App'x 536, 539 (5th Cir. 2006). A petitioner's *pro se* status, illiteracy, deafness, or lack of legal training will not excuse the untimely filing of a *habeas* petition. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Thus, under AEDPA, the period for timely filing a *habeas* petition can be tolled by the pendency of a properly filed motion for post-conviction relief in the state court. 28 U.S.C. § 2244(d)(1).

B.      The Magistrate's Conclusion that the Petition is Time-Barred

As a threshold matter, the Magistrate Judge correctly determined that Ali's Petition is time-barred. Report and Recommendation [9-1], at p. 3. Respondent moved for dismissal of Ali's Petition pursuant to 28 U.S.C. § 2244(d). Resp.'s Mot. to Dismiss, [6-1] at pp. 1, 4. In support of his Response to the Motion to Dismiss, Ali relies on the decisions of *Jiminez v. Quarterman*, 555 U.S. 113 (2009), and *Wilson v. Cain*, 564 F.3d 702 (5th Cir. 2009), which he contends support a finding that his Petition was timely filed within the one year limitation period of 28 U.S.C. § 2244(d)(1). Petr.'s Resp. at p. 6.

Ali's conviction became final on December 21, 2005, ninety (90) days after the September 22, 2005, ruling on Ali's direct appeal by the Mississippi Supreme Court.[2] Absent additional statutory or equitable tolling, Ali's Petition for *habeas* relief would have been due in this Court on or before December 21, 2006. *See United States v. Flores*, 135 F.3d 1000, 1005-6 (5th Cir. 1998).

Ali did not file an Application for Leave to File Post Conviction Collateral Relief in state court until September 12, 2008. On September 30, 2008, the Mississippi Supreme Court, pursuant to § 99-14-21(1) of Mississippi Code Annotated, denied Ali's Application as procedurally barred, finding that "these issues were capable of determination at trial and/or on direct appeal." Order, at p.

---

[2]Ali did not file a petition for *writ of certiorari* to the United States Supreme Court.

1, att. as Ex. "D" to Mot. to Dismiss. Because this motion was pending in the state court after the date Ali's petition was due in this Court, December 21, 2006, there can be no statutory tolling under § 2244(d)(2).

As set forth in the Report and Recommendation, in conformance with AEDPA's one year statute of limitations, Ali's *habeas* petition was due in this Court by December 21, 2006. Ali did not file his Petition until September 30, 2009, almost three years beyond the established deadline. R. [1-1]. The Court concludes that Ali's Petition is therefore time-barred, unless there exist grounds for another statutory exception or equitable tolling.

C.     Ali's Objection to the Report and Recommendation

Ali objects to the findings contained in the Report and Recommendation and submits that:

> his only legitimate ground for relief is the clear discovery violation that occurred during the course of his trial. . . . Factual information . . . was not known until the affidavit and information was obtained from Dr. James Lauridson from Montgomery, Alabama.

Pet. Obj. at p. 1.

For purposes of calculating the timeliness of Ali's Petition, the one year limitation period shall run from the latest of the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Citing the findings contained in Dr. Lauridson's affidavit, Ali argues that he

has acted with due diligence in filing for federal *habeas corpus* relief. *Id*. at p. 4. However, absent from the record in this case is the actual affidavit given by Dr. Lauridson or the date on which such conclusions were rendered by him. Moreover, the record clearly demonstrates that Ali knew or could have known of the matters raised in his Objection at the time of his state court trial and prior to the expiration of the time for filing for state post-conviction relief. The Court concludes that Ali has not pursued these matters with the requisite due diligence set forth in 28 U.S.C. § 2244(d)(1)(D).

Nor has Ali shown any "rare and exceptional circumstances" to warrant additional equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998); *see also Prieto v. Quarterman*, 456 F.3d 511, 514 (5th Cir. 2006); *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002). This Court concludes that because Ali has neither diligently nor timely pursued § 2254 relief, he is not entitled to equitable tolling under § 2244(d)(2). *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001)(petitioner filing for federal habeas relief four months after Louisiana Supreme Court denied writ was not diligent pursuit of § 2254 relief and therefore equitable tolling was inapplicable); *see also Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010)("equitable tolling is not available to 'those who sleep on their rights' . . . *Covey v. Arkansas River Co.*, 865 F. 2d 660, 662 (5th Cir. 1989)").

### III. CONCLUSION

The Court, after thorough review and consideration the Petition [1-1], Respondent's Motion to Dismiss [6-1], the related pleadings, the findings in the Report and Recommendation [9-1], Ali's Objection [11-1], and the record as a whole, finds that Ali's Objection is not well taken or supported by the record, and should be overruled. The Court further finds that the Magistrate's Report and Recommendation [9-1] should be adopted as the finding of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Ali's Objection [11-1] to the Report and Recommendation entered in this cause on October 25, 2011, is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [9-1] of Chief Magistrate Judge John M. Roper entered on October 4, 2011, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent's Motion to Dismiss [6-1] is **GRANTED**. A separate judgment will be entered in accordance with this order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this the 15th day of November, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE